**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

**JEFFREY T. BRYANT,**

       **Plaintiff,**

v.                                          **Case No. 3:04cv464/MCR/MD**

**MICHAEL TITZE COMPANY, INC.,**

       **Defendant.**

_____/

**O R D E R**

On September 30, 2006, the court granted the motions to compel arbitration and stay this case filed by defendant Michael Titze Company, Inc. (Doc. 36). On February 15, 2006, defendant filed a "Notice of Filing of Arbitrator's Decision"; attached to the Notice was a copy of the arbitrator's decision dismissing plaintiff Jeffrey Bryant's demand for arbitration. (Doc. 43, reentered on the docket by the clerk as a report of arbitration at doc. 44).[1] In his Notice defendant also requested that the court enter judgment consistent with the arbitrator's order. Defendant did not, however, file a motion to lift the stay in this case or to confirm the arbitration award. As a consequence, the court took no action on defendant's request.

Defendant telephoned chambers on September 11, 2006, to inquire about the status of his request to enter judgment. To date defendant has not moved the court to lift the stay or to confirm the arbitration award pursuant to 9 U.S.C. § 9. Nevertheless, in the interest

---

[1] On March 29, 2006, plaintiff Jeffrey Bryant filed a status report likewise advising of the arbitrator's decision.  (Doc. 46).

of judicial economy, the court shall construe defendant's notice and request as such and shall GRANT the motion. The clerk shall be directed to enter judgment in defendant's favor.[2]

ACCORDINGLY, it is ORDERED:

1. Defendant Michael Titze Company, Inc.'s "Notice of Filing of Arbitrator's Decision" (doc. 44), which is construed as a motion lift the stay and confirm the arbitration award in his favor pursuant to 9 U.S.C. § 9, is GRANTED.

2. The clerk shall enter judgment in favor of defendant Michael Titze Company, Inc.

**DONE and ORDERED** this 12th day of September, 2006.

        s/ *M. Casey Rodgers*
        **M. CASEY RODGERS**
        **UNITED STATES DISTRICT JUDGE**

---

[2] The court recognizes that plaintiff has not had an opportunity to respond. If plaintiff objects to entry of this order he should timely move for appropriate relief.